FILED
2026 Sep-15 PM 01:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | | |
|---|---|---|
| WILLIAM L. ELLIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 4:25-cv-01050-ACA-JHE |
| | ) | |
| STATE OF ALABAMA, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM OPINION

On August 10, 2026, the magistrate judge entered a report recommending that the court dismiss Petitioner William L. Ellis's 28 U.S.C. § 2254 petition for writ of habeas corpus with prejudice as time barred. (Doc. 26) Mr. Ellis objects to the report and recommendation on various grounds. (Doc. 27).

First, Mr. Ellis objects that the magistrate judge's description of the procedural history failed to acknowledge that he was sentenced on May 9, July 25, August 22, and September 24, 2007. (Doc. 27 at 4). The record indicates that on May 9, 2007, Mr. Ellis entered his guilty plea to the charge of second degree assault in exchange for the State's promise to recommend a ten-year sentence. (Doc. 13-3). The state court entered an order sentencing him to ten years' imprisonment but withheld ruling on whether the sentence would run concurrent with or consecutive

to another sentence.[1] (Doc. 13-6). The court initially set another sentence hearing for July 25, 2007 (*see id.*), but later rescheduled the hearing for August 22, 2007, and then September 24, 2007 (*see* doc. 13-1 at 5). On September 24, 2007, the court ordered Mr. Ellis's sentence to run consecutive to the other sentence. (*Id.* (minute entry, Sept. 29, 2007)). Although the magistrate judge omitted any mention of the August 22, 2007 setting, that omission is immaterial because the record makes clear that the court never held a hearing on that date (or on July 25, 2007). (*See id.*). The court therefore **OVERRULES** this objection to the magistrate judge's description of the dates at issue.

Second, Mr. Ellis objects that the sentencing court lost jurisdiction thirty days after the state entered the May 9, 2007 sentencing order,[2] well before the September 24, 2007 sentencing hearing. (Doc. 27 at 6). Even assuming Mr. Ellis is correct, the court agrees with the non-binding decisions that have persuasively explained that a state court's jurisdiction is an issue of state law, not of federal constitutional dimension. *See Lambert v. Workman*, 594 F.3d 1260, 1264 (10th Cir. 2010) ("The [state court's] understanding of its own authority . . . is a matter of state law and, as such, generally beyond the purview of federal habeas review."); *Lambert v.*

---

[1] This order is not dated, but the court had to have entered it before July 25, 2007, because it set a hearing for July 25, 2007. (*See* doc. 13-6).

[2] As noted above, the sentencing order was not dated. (*See* doc. 13-6). The court will assume, for ease of analysis, that it was entered on May 9, 2007, as Mr. Ellis alleges.

*Blackwell*, 387 F.3d 210, 239 (3d Cir. 2004) ("[A] federal habeas court has at most a circumscribed role in reviewing whether a state court properly applied its own law when it explicitly decided to exercise jurisdiction."); *Wright v. Angelone*, 151 F.3d 151, 157–58 (4th Cir. 1998) (finding the petitioner's claim that the state court lacked jurisdiction over his case non-cognizable because the state court found it had jurisdiction and "even if we were to conclude after an independent review that the state court's holding was incorrect, we are nevertheless bound by it as a final determination of state law by the highest court of the state."); *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001) ("[A] state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review."); *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) (holding that the federal courts had no authority to evaluate whether the state court had jurisdiction over the state prisoner because determining "that the sentencing court has no jurisdiction. . . . is not . . . a determination for the federal courts when the question of jurisdiction is one of valid state law only. Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law[ ] . . . [W]e are bound by a state court's conclusion respecting jurisdiction.") (quotation marks omitted); *U.S. ex rel. Roche v. Scully*, 739 F.2d 739, 741–42 (2d Cir. 1984) ("[N]o federal court to our knowledge has ever

granted a writ where a state court's asserted lack of jurisdiction resulted solely from the provisions of state law."). The court therefore **OVERRULES** this objection.

Third, Mr. Ellis contends that he is entitled to statutory tolling under *Murray v. Carrier*, 477 U.S. 478 (1986). But *Murray* is about cause and prejudice to excuse a procedural default, not to toll the statute of limitations. *See* 477 U.S. at 488. The court **OVERRULES** this objection.

Fourth, Mr. Ellis asserts that the court should disregard the time-bar because he is actually innocent, as he was not tried by a jury and his conviction violated double jeopardy. (Doc. 1 at 2–4, 6). Neither of those reasons would establish actual innocence of the crime to which he pleaded guilty. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (holding that to establish actual innocence, the petitioner must "persuade[ ] the district court that, in light of the new evidence, *no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt*") (quotation marks omitted) (emphasis added). The court **OVERRULES** this objection.

Fifth, Mr. Ellis argues that he is entitled to equitable tolling because the repeated sentencings violated the prohibition against double jeopardy. (Doc. 27 at 4–5). Nothing in the record indicates that Mr. Ellis was repeatedly sentenced; instead, as described above, it reflects that the court reserved ruling on whether to run the sentence concurrently or consecutively, and it entered its decision after

several rescheduled hearings. Even if he were, a double jeopardy violation does not establish why Mr. Ellis was unable to file this § 2254 petition within the one-year statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (setting out the standard for equitable tolling). The court **OVERRULES** this objection.

Although the court overrules all Mr. Ellis's objections, the court does make one modification to the report and recommendation. On page 2, the first sentence of the second paragraph reads: "In response to the show cause order, Respondents filed an Answer in asserting the petition is due to be dismissed because it is barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'). (Doc. 13)." (Doc. 26 at 2). That sentence and citation appear to have been included there in error; that part of the report and recommendation is describing Mr. Ellis's state post-conviction proceedings. (*See id.*). The court therefore **STRIKES** the quoted portion of page 2.

Accordingly, the court **ADOPTS** the report **AS MODIFIED** and **ACCEPTS** the recommendation. The court **WILL DENY** Mr. Ellis's § 2254 petition as time-barred, **WILL DENY AS MOOT** Mr. Ellis's motion for summary judgment, and **WILL DENY** a certificate of appealability

The court will enter a separate final order.

**DONE** and **ORDERED** this September 15, 2026.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE